Michael S. Kun (SBN 208684)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone:  310.556.8861
Facsimile:  310.553.2165
mkun@ebglaw.com

Attorneys for Defendant
McCORMICK & COMPANY, INC.
(incorrectly identified as
"MCC and CO., INC.")

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE VICARI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MCC and CO., INC. and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:21-cv-1357<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant McCormick & Company, Inc. (incorrectly identified as "MCC and Co., Inc.") ("McCormick"), contemporaneously with the filing of this notice, is effecting the removal of the above captioned action, <u>Bonnie Vicari v. MCC and Co., Inc.; and Does 1-10, inclusive</u>, Case No. 30-2021-01197470-CU-WT-CJC, from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California.

- 1 -

The removal is based on 28 U.S.C. §§ 1332 and 1441(b), specifically, and on the following grounds:

## PLEADINGS, PROCESS AND ORDERS

1.     On or about April 23, 2021, Plaintiff Bonnie Vicari ("Plaintiff") commenced the above-captioned action in the Superior Court of the State of California, County of Orange against Defendant McCormick & Company, Inc. ("McCormick"). The action is entitled <u>Bonnie Vicari v. MCC and Co., Inc.; and Does 1-20, inclusive</u>, Case No. 30-2021-01197478-CU-WT-CJC.  The Complaint purports to state causes of action for retaliation for reporting illegal conduct in violation of Labor Code § 1102.5 and intentional infliction of emotional distress.

2.     Plaintiff's counsel mailed McCormick a copy of the Summons and Complaint on or about July 21, 2021.  True and correct copies of the Summons, Complaint, Civil Cover Sheet, and related papers that McCormick received are attached hereto collectively as Exhibit 1.

3.     On August 16, 2021, McCormick filed its Answer to the Complaint. A true and correct copy is attached hereto as Exhibit 2.

4.     Exhibits 1 and 2 constitute all the process, pleadings and orders served on any party in the Superior Court action.

## DIVERSITY JURISDICTION

5.     This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  This action is one that may be removed to this Court by McCormick pursuant to 28 U.S.C. § 1441(b) as the action is between citizens of different states.

## CITIZENSHIP

6.     McCormick is informed and believes that Plaintiff was, at the time of filing of this action, and still is a citizen of the State of South Dakota. Her employment records indicate she lived and worked in South Carolina or South

Dakota during her employment from 2012 through April 2019, that she was living in South Dakota at the time of her termination in April 2019, and that she last lived or worked in California in 2008.  (Forte Dec. ¶ 5.)

7.    McCormick is incorporated in the State of Maryland and has its principal place of business in the State of Maryland. (Forte Dec. ¶ 3.)

8.    Defendant Does 1 through 20, inclusive, are wholly fictitious.  The Complaint does not set forth the identity or the status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action.  <u>McCabe v. General Foods Corp.,</u> 811 F.2d 1339 (9th Cir. 1997); <u>Hurtle Corporation v. Boeing Company</u>, 678 F.2d 842 (9th Cir. 1982).

## **AMOUNT IN CONTROVERSY**

9.    Plaintiff's Complaint does not specify the total amount in controversy. The omission in the Complaint of a specified amount in controversy does not deprive this Court of jurisdiction.  <u>See</u> <u>White v. J.C. Penny Life Insurance Company</u>, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to a federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim.").

10.    It is well settled that in determining whether a complaint meets the $75,000 amount in controversy threshold of U.S.C. § 1332(a), a court should consider the aggregate of the claims and the value of the claims.  <u>Wolde-Meskal v. Vocational Instruction Project</u>, 166 F. 3d 59, 62 (2nd Cir. 1999) (the diversity statute confers jurisdiction over the entire action, not just the specific claims alleged in a complaint, therefore, the claims of a single plaintiff are aggregated in order to satisfy the amount in controversy); <u>Bell v. Preferred Life Assurance</u>

Society, 320 U.S. 238, 240 (1943); Goldberg v. C.P.C. International, Inc., 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fee may be taken into account to determine jurisdictional amounts.)

11.    Plaintiff's alleged damages, if proven, exceed the $75,000 jurisdictional limit, exclusive of costs and interest.  Plaintiff seeks compensation damages for lost earnings, benefits, emotional distress, attorneys' fees and punitive damages (Compl. ¶¶ 21, 22, 28, 29, Prayer for Relief.)

12.    Plaintiff's claimed damages for lost wages alone amount to almost half of the requisite amount in controversy. Plaintiff was earning approximately $148,550 per year at the time of her termination in April 2019. (Forte Decl. ¶ 5.) As such, her alleged lost wages alone for the 27 months since April 2019 exceed $330,000.00.[1]

13.    Plaintiff also seeks damages for alleged emotional distress as well as punitive damages. Plaintiffs alleging emotional distress in employment cases regularly seek in excess of $75,000 in such damages. Keiffer v. Bechtel Corp., 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages); Satrap v. Pac. Gas & Elec. Co., 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld).

14.    Plaintiff also seeks attorneys' fees in her Complaint.  (Compl., Prayer for Relief.)  Attorneys' fees are included in determining the jurisdictional amount. Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995); Galt G/S v. JSS Scandinavia, 142 D. 3d 1150, 1155-56 (9th Cir. 1988).

15.    Including all of the relief Plaintiff seeks, the amount in controversy in this case exceeds $75,000.  Accordingly, the amount in controversy has been exceeded and this Action is removable under 28 U.S.C. §§ 1332 and 1441.

---

[1]/ $148,550 ÷ 12 months x 27 months = $334,237.50.

## **TIMELINESS OF REMOVAL**

16.     The Notice of Removal was timely filed in that it was filed within 30 days of service of the Summons and Complaint and within one (1) year of the filing of the Complaint.

17.     No pleadings other than the Summons and Complaint have been served on McCormick, as set forth above.

18.     For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

## **VENUE**

19.     Plaintiff's state court complaint was filed in a California Superior Court within this District. 28 U.S.C. § 84(c).

DATED:  August 17, 2021          EPSTEIN BECKER & GREEN, P.C.

By: */s/ Michael S. Kun*
     Michael S. Kun

     Attorneys for Defendant
     McCORMICK & COMPANY,
     INC.

# Exhibit 1



Beth A. Christopher
Heidi L. De Groot
Larry E. Herrera
Stephen C. Kimball
Bruce G. Lee
Eric Lystrup
Samuel P. Nielson
Nicole A. Nguyen
Don D. Sessions
Kristin A. Webb

Email: hld@job-law.com

July 21, 2021

## SERVICE OF PROCESS

Lawrence E. Kurzius
Chief Executive Officer
McCormick & Company, Incorporated
24 Schilling Road, Suite 1
Hunt Valley, Maryland 21031

**Sent Via Certified Mail, Return
Receipt Request and Via Email
To:Richard.Hafets@hafetsfirm.com**

Re:     **Bonnie Vicari v. McCormick & Company, Inc.**

Dear Mr. Kurzius:

We represent Ms. Bonnie Vicari in her lawsuit against McCormick & Company, Inc. This letter constitutes service of process of McCormick & Company, Inc. in Ms. Vicari's civil action. Attached are the following:

1) Summons, Complaint, Civil Case Cover Sheet, and ADR Package in: Vicari v. MCC and Co Inc., Case Number 30-2021-01197478-CU-WT-CJC

2) Notice of Hearing – Case Management Conference.

McCormick & Company, Inc. must appear in this case within 30 days of this letter.

Very truly yours,

Heidi L. De Groot, Esq.
Partner
SESSIONS & KIMBALL LLP

HLD:as
cc:    Bonnie Vicari
LO-Kurzius-2021-0721

23456 Madero, Suite 170, Mission Viejo, California 92691
Tel 949.380.0900 • Fax 949.380.8283 • www.job-law.com

Electronically Filed by Superior Court of California, County of Orange, 04/23/2021 11:11:48 AM.
30-2021-01197478-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**  MCC and Co Inc, and DOES 1-20, inclusive,
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** BONNIE VICARI, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso)* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California  92701 | 30-2021-01197478-CU-WT-CJC<br><br>Judge Melissa R. McCormick |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Heidi L. De Groot
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sessions & Kimball LLP, 23456 Madero, Suite 170
Mission Viejo, California 92691, (949) 380-0900                                  (949) 380-0900

| DATE:<br>*(Fecha)* 04/23/2021   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)*  *H. McMaster* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*                    Hailey McMaster
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)                [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

Case 8:21-cv-01357-JLS-KES   Document 1   Filed 08/17/21   Page 9 of 33   Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 04/23/2021 11:11:48 AM.
30-2021-01197478-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

1 SESSIONS & KIMBALL LLP
  Attorneys at Law
2 Heidi L. De Groot, Partner (Bar No. 096820)
3 23456 Madero, Suite 170
  Mission Viejo, California 92691
4 Telephone:    (949) 380-0900
  Facsimile:    (949) 380-8283
5 Email:        hld@job-law.com

6 Attorneys for Plaintiff
7 BONNIE VICARI

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF ORANGE

10

11 BONNIE VICARI, an individual,        CASE NO.: 30-2021-01197478-CU-WT-CJC
                                        Assigned for all purposes to the Honorable
12            PLAINTIFF,                Judge:   Judge Melissa R. McCormick
                                        Dept.:
13 v.
                                        **Unlimited Jurisdiction**
14 MCC and Co Inc, and DOES 1-20, inclusive,
                                        **COMPLAINT FOR DAMAGES FOR**:
15            DEFENDANTS.
                                        1)  Retaliation for Reporting Illegal
16                                          Conduct in Violation of Public Policy
                                            (Violation of Labor Code § 1102.5);and
17                                      2)  Intentional Infliction of Emotional
                                            Distress.
18

19

20

21                                          **JURY TRIAL DEMANDED**

22

23

24
          PLAINTIFF, BONNIE VICARI (hereinafter "PLAINTIFF"), complains and alleges as
25
   follows:
26
   / / /
27
   / / /
28

          COMPLAINT FOR DAMAGES

## PRELIMINARY ALLEGATIONS

The amount in controversy exceeds the sum of twenty-five thousand dollars ($25,000), exclusive of interest and costs.

1.    Prior to and at the time of her termination PLAINTIFF resided in the State of California, County of Orange.   Moreover, she was performing work on behalf of MCC and Company, Inc. (hereinafter "MCC") in California at the time of her termination.

2.    PLAINTIFF is informed and believes, and thereon alleges, that MCC is, and at all times herein mentioned was, a corporation operating in California.

3.    PLAINTIFF is informed and believes, and thereon alleges, that MCC, and each and all of them, at all relevant times hereinafter mentioned were the agents, employees, servants, joint venturers, parent companies, successor companies directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining MCC.  MCC, in doing the things hereinafter alleged, was acting within the course and scope of such relationship (unless otherwise alleged) and were responsible in some manner for the occurrences herein alleged and, are a proximate cause of PLAINTIFF'S damages as herein alleged.

4.    The true names and capacities of DOES 1 through 20 inclusive, whether individual, corporate, or associate are otherwise unknown to PLAINTIFF who therefore sues MCC by such fictitious names pursuant to California Code of Civil Procedure section 474.   PLAINTIFF is informed and believes, and thereon alleges that the DOE DEFENDANTS are California residents. PLAINTIFF will amend this complaint to show their true names and capacities when they have been ascertained.

5.    PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein by a fictitious name is negligently, intentionally, or otherwise responsible in some manner for the events and happenings herein referred to, and negligently, intentionally, or otherwise caused the injuries and damages to the PLAINTIFF as hereinafter alleged.

/ / /

- 2 -

## GENERAL ALLEGATIONS

6.      PLAINTIFF was hired by MCC in 2012 as a Senior Account Manager and held the same title until she was unlawfully terminated by MCC.

7.      PLAINTIFF was responsible for developing customer account strategies that fulfill customer needs with respect to custom flavor solutions.

8.      PLAINTIFF was an excellent performer for MCC and was given at least 6 merit raises throughout her employment.

9.      As a producer of products, MCC was prohibited from engaging in anticompetitive practices. Section 2(d) of the Robinson-Patman Act (15 U.S.C. § 13) specifically prohibits producers of products from participating in anticompetitive practices, such as offering different pricing to competing customers such as McDonald's and Subway on identical products.

10.     PLAINTIFF opposed MCC's differential pricing of French's mustard packages to McDonalds and Subway because, based on her prior involvement in a Robinson-Patman case investigated by the FBI and prosecuted by the FTC, she believed that practice to be illegal. She voiced her opposition to the practice on multiple occasions.

11.     During the period January – March 2019 PLAINTIFF repeatedly opposed the differential pricing on French's mustard. The issue was raised when her Subway customer, French's mustard purchasing manager, requested pricing to extend its current contract with MCC for two more years, from January 1, 2020 through December 31, 2021. In order to set the contract terms, PLAINTIFF requested pricing from the MCC finance department and her manager, Jenn Jones. They began working on calculating the fixed and variable cost contribution for the Subway volumes. During this analysis it came to light that McCormick recently gave McDonald's higher pricing for higher volumes than Subway for the identical product, 500 count 7-gram mustard packet cases. PLAINTIFF complained that MCC's offer of differential pricing to two competitors in the same industry, Quick Serve Restaurants (QSR) who competed for the same consumer dollars violated the Robinson-Patman Act.

- 3 -

12.     On March 25, 2019 PLAINTIFF again opposed what she believed to be a violation of the Robinson-Patman Act.   Specifically, she advised her supervisor that there was **no competitive** situation at Subway that would justify giving Subway a lower price for lower volume, and repeated that giving Subway differential pricing was illegal.  PLAINTIFF asked her supervisor, Jenn Jones, to verify with the legal department that the pricing they were offering McDonald's and Subway was legal.  Ms. Jones advised that she spoke to legal and had an email advising that McCormick's pricing was legal because there was a competitive situation but refused to share the alleged email with PLAINTIFF.

13.     On or about April 17, 2019 PLAINTIFF again opposed McCormick's intent to violate the Robinson-Patman Act when she again advised Ms. Jones that she did not have a competitive situation at Subway and therefore McCormick was violating Robinson-Patman. PLAINTIFF asked Ms. Jones to go back to legal a second time to reinforce with legal that PLAINTIFF had no competitive situation.

14.     On or about April 19, 2019 PLAINTIFF again opposed McCormick's intent to violate the Robinson-Patman Act.  Specifically, when Ms. Jones advised PLAINTIFF that legal had sent her an email advising that McCormick's pricing was not against the Robinson Patman Act, PLAINTIFF responded that she was uncomfortable with that decision and asked Ms. Jones to forward legal's email to PLAINTIFF for her records.  Ms. Jones agreed to do so but never sent the email to PLAINTIFF.

15.     On Monday, April 22, 2019 Bonnie again opposed McCormick's intent to violate the Robinson-Patman Act. Each week Ms. Jones and PLAINTIFF had a weekly "this week, next week" conference call.  To prepare for that call PLAINTIFF assembled a Word document outlining the topics she and Ms. Jones were to discuss.  The first entry for discussion was Subway French's/Frank's mustard pricing:  Potential Robinson Patman Act violation.  PLAINTIFF also wrote in that shared document that she would not give customer pricing until she had an email from legal advising to do so and until she had an email from high level McCormick management advising her to do so.

- 4 -

16.     Based on her experience, her opposition to these practices was reasonable, and taken for the purpose of protecting the company from criminal and/or civil penalties, and to protect herself from being scapegoated should the company be targeted for violation of the Act.

17.     On April 23, 2019, MCC suddenly terminated PLAINTIFF in retaliation for opposing MCC's illegal business practices.

18.     MCC's stated reason for terminating PLAINTIFF, that she had made expense report errors, was pretext, as demonstrated by the temporal proximity of her opposition to MCC's violation of law,  its failure to follow its own progressive disciple policy and practice, and the fact that the errors PLAINTIFF made were accidental, unintentional, and de minimis.  Further, PLAINTIFF offered to repay MCC to rectify her error.

**FIRST CAUSE OF ACTION**
**Retaliation and Termination for Reporting Illegal Conduct in Violation of Public Policy**
**(Violation of Labor Code § 1102.5)**
**[Against All Defendants and Does 1 through 20]**

19.     PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 inclusive and incorporates the same by reference as though fully set forth herein.

20.     At all times herein mentioned, the following statutes were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon DEFENDANTS at the time of PLAINTIFF'S employment and termination:

- **Cal. Labor Code § 1102.5** prohibits retaliation for an employee complaining about a violation of law by the company.
- **The Robinson-Patman Act, 15 U.S.C. §13** prohibits any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, which is a violation of Section 2(d) of the Robinson-Patman Act.

- 5 -

COMPLAINT FOR DAMAGES

21.     As a proximate result of MCC's and DOES 1-50'S conduct, PLAINTIFF has suffered, and continues to suffer damages in an amount according to proof at trial, including but not limited to lost earnings, emotional distress, attorneys' fees and costs.

22.     PLAINTIFF is informed and believes, and thereon alleges, that MCC and DOES 1-50 and their managing agents committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF, and that such improper motives amounted to malice and a conscious disregard of PLAINTIFF'S rights as set forth above.  Therefore, PLAINTIFF is entitled to an award of punitive damages from MCC and DOES 1-50 in an amount according to proof at trial.

### SECOND CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**[Against ALL Defendants]**

23.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 22, inclusive, and incorporates the same herein by reference as if fully set forth herein.

24.     The conduct set forth herein by MCC, was extreme and outrageous.  In particular, MCC, and each of them, engaged in a course of conduct designed to cause PLAINTIFF emotional harm by discriminating against her and retaliating against her for opposing illegal conduct.

25.     MCC engaged in extreme or outrageous conduct against PLAINTIFF, retaliated against, and terminated PLAINTIFF.

26.     PLAINTIFF is informed and believes, and thereon alleges, that as a result of MCC'S conduct, PLAINTIFF has suffered and continues to suffer severe and emotional distress.

27.     DEFENDANTS, and each of them, knew or should have known that their conduct would cause severe emotional distress and reckless disregarded the probability that their conduct would cause the PLAINTIFF severe emotional distress.

28.     As a proximate result of MCC'S actions, PLAINTIFF has suffered, and continues to suffer, losses of past and future earnings, and other benefits of employment, all to

- 6 -

PLAINTIFF'S damage in an amount according to proof at trial, but which exceeds the minimum jurisdiction of this Court.

29. As a further direct, foreseeable and proximate result of the actions and conduct of DEFENDANTS, and each of them, PLAINTIFF has suffered and incurred, and continues to suffer and incur, severe emotional distress and damage to PLAINTIFF'S personal and professional reputation and credibility by MCC subjecting PLAINTIFF to such treatment, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of the Court, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against MCC, and each of them, as follows:

1. For actual damages according to proof at the time of trial;

2. For general damages according to proof;

3. For consequential and incidental damages and expenses according to proof;

4. For reasonable attorneys' fees and costs as to the First Cause of Action according to proof at trial;

5. For pre-judgment and post-judgment interest, all at the legal prevailing rate;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just, proper, and equitable.

DATED: April 23, 2021                SESSIONS & KIMBALL LLP

By: _____
HEIDI L. DE GROOT
PARTNER
Attorneys for Plaintiff
BONNIE VICARI

- 7 -
COMPLAINT FOR DAMAGES

## JURY TRIAL DEMAND

PLAINTIFF hereby reiterates her demand for her constitutional right to trial by jury for all triable issues in the above–entitled action.

DATED: April 23, 2021

SESSIONS & KIMBALL LLP

By: _____
HEIDI L. DE GROOT
PARTNER
Attorneys for Plaintiff
BONNIE VICARI

- 8 -

COMPLAINT FOR DAMAGES

Electronically Filed by Superior Court of California, County of Orange, 04/23/2021 11:11:48 AM.
30-2021-01197478-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Heidi L. De Groot                    SBN: 096820<br>Sessions & Kimball LLP, 23456 Madero, Suite 170<br>Mission Viejo, California 92691<br>TELEPHONE NO.: (949) 380-0900      FAX NO.: (949) 380-8283<br>ATTORNEY FOR *(Name):* BONNIE VICARI | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: Bonnie Vicari v. MCC, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2021-01197478-CU-WT-CJC<br>JUDGE: Judge Melissa R. McCormick<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2021

Heidi L. De Groot
_____                    _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    Cases for Which Arbitration May <u>Not</u> Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    Cases for Which Mediation May <u>Not</u> Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Bonnie Vicari | |
| DEFENDANT: MCC and Co Inc. | **Apr 28, 2021** |
| | Clerk of the Court<br>By: Hailey McMaster, Deputy |
| Short Title: VICARI VS. MCC AND CO INC. | |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2021-01197478-CU-WT-CJC |
|---|---|

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 09/30/2021 at 01:30:00 PM in Department C13 of this court, located at Central Justice Center.

Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters ~ https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _H. McMaster_____, Deputy

**NOTICE OF HEARING**

Page: 1

230,555402.  2 of

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

SHORT TITLE: VICARI VS. MCC AND CO INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
| --- | --- |
| | 30-2021-01197478-CU-WT-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/28/2021. Following standard court practice the mailing will occur at Sacramento, California on 04/29/2021.

Clerk of the Court, by: _H. McMaster_ _____, Deputy

SESSIONS & KIMBALL LLP
23456 MADERO # SUITE 170
MISSION VIEJO, CA 92691

---

CLERK'S CERTIFICATE OF SERVICE BY MAIL

Page: 2

Code of Civil Procedure , § CCP1013(a)

V3 1013a (June 2004)

230.555402. 3 of

Exhibit 2

Electronically Filed by Superior Court of California, County of Orange, 08/16/2021 08:58:00 AM.
30-2021-01197478-CU-WT-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.
Case 8:21-cv-01532-JLS-KES Document 1 Filed 08/12/21 Page 25 of 33 Page ID #:25

Michael S. Kun  (SBN 208684)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile:  310-553-2165
mkun@ebglaw.com

Attorneys for Defendant
McCORMICK & COMPANY, INC.
(incorrectly identified as "MCC and CO., INC.")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| BONNIE VICARI, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>MCC and CO., INC. and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No.: 30-2021-01197478-CU-WT-CJC<br><br>Hon. Melissa R. McCormick, Dept. C13<br><br>**DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: April 23, 2021 |

### TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendant McCormick & Company, Inc. (incorrectly identified as "MCC and Co., Inc.") ("Defendant") hereby submits this Answer in response to the unverified Complaint filed by Plaintiff Bonnie Vicari ("Plaintiff") and says as follows:

### GENERAL DENIAL TO COMPLAINT

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation contained in Plaintiff's unverified Complaint. Defendant further generally and specifically denies that Plaintiff has incurred damages in any amount whatsoever, and generally and specifically denies that Plaintiff is entitled to punitive damages in any amount.

**AFFIRMATIVE DEFENSES**

Defendant submits the following affirmative defenses to the Complaint, and to each and every cause of action, claim or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to them by law:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Cause Of Action)**

1.      Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Venue)**

2.      On information and belief, venue is improper in California.

**THIRD AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

3.      Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act and California Labor Code §§ 3200-4627.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate)**

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed and neglected to use reasonable care to minimize and mitigate her alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

1

2

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.      Any recovery on the Complaint, or any cause of action alleged therein, is barred on the grounds that Plaintiff consented to the conduct challenged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment)

7.      Defendant's actions with respect to Plaintiff were a legitimate exercise of Defendant's business judgment which Plaintiff cannot invade.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Authorization Or Ratification)

8.      Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because Defendant did not authorize or ratify the acts alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

9.      Some or all of Plaintiff's claims are barred by the exclusive remedy provisions of California Labor Code § 3600, et seq.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     By reason of her own conduct, actions or inaction, Plaintiff is estopped from asserting the claims set forth in her Complaint and therefore is barred, in whole or in part, from the relief sought therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

11.     Some or all of Plaintiff's claims are barred because, at all times, Defendant was acting in good faith.

Firm:53582151v1                  DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO COMPLAINT

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Unclean Hands)**

3       12.     Some or all of Plaintiff's claims are barred by the doctrine of unclean hands based

4    on Plaintiff's inequitable and bad faith conduct.

5

**THIRTEENTH AFFIRMATIVE DEFENSE**

6

**(Lack Of Actual Or Constructive Knowledge)**

7       13.     Defendant lacked actual or constructive knowledge of the conduct alleged in the

8    Complaint or of any alleged wrongdoing by any other persons.

9

**FOURTEENTH AFFIRMATIVE DEFENSE**

10

**(Plaintiff And Others As Cause)**

11       14.     Plaintiff is barred from claiming any injuries or damages because such injuries and

12    damages were the sole, direct and proximate result of Plaintiff's conduct or that of others.

13

**FIFTEENTH AFFIRMATIVE DEFENSE**

14

**(Proximate Cause)**

15       15.     Any acts or omissions to act by Defendant were not the proximate cause of any

16    injury suffered by Plaintiff.

17

**SIXTEENTH AFFIRMATIVE DEFENSE**

18

**(Offset)**

19       16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

20    therein, is barred, in whole or in part, because Defendant is entitled to an offset for any monies

21    Plaintiff received from any source after Plaintiff ceased to perform work for Defendant consistent

22    with the common law doctrine of offset and the doctrine prohibiting double recovery set forth

23    under Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

24

**SEVENTEENTH AFFIRMATIVE DEFENSE**

25

**(After-Acquired Evidence)**

26       17.     The Complaint is limited or subject to an absolute bar as to recoverable damages

27    based on after-acquired evidence that Defendant presently has and/or may acquire during the

28

- 4 -

DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO
COMPLAINT

1  course of this litigation.

2  ### EIGHTEENTH AFFIRMATIVE DEFENSE

3  ### (Breach Of Duties)

4      18.    Plaintiff's claims fail to state facts sufficient to constitute a cause of action because

5  Plaintiff willfully breached her duties as an employee, neglected her duties, failed to perform her

6  duties, and/or failed to use ordinary care and diligence in the performance of her employment

7  pursuant to California Labor Code § 2924.

8  ### NINETEENTH AFFIRMATIVE DEFENSE

9  ### (Same Decisions)

10      19.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is

11  barred because, assuming, arguendo, that retaliatory reasons had been a motivating factor in any

12  employment decisions concerning Plaintiff, Defendant would have made the same employment

13  decisions toward Plaintiff in any case for legitimate, non-retaliatory business reasons.

14  ### TWENTIETH AFFIRMATIVE DEFENSE

15  ### (Limitation On Damages)

16      20.    Defendant's liability, if any, for non-economic damages claimed by Plaintiff is

17  limited by California Civil Code §§ 1431.1, et seq.

18  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

19  ### (No Scienter)

20      21.    At all times, Defendant acted in good faith and without the requisite scienter.

21  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

22  ### (Legitimate Business Reasons)

23      22.    Defendant's actions were for legitimate business reasons made in good faith and

24  were not based upon Plaintiff's alleged protected activity or other factors protected by law.

25  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

26  ### (Motivating Factor)

27      23.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is

28

- 5 -

1    barred in that Plaintiff's alleged protected activity was not a motivating factor in any actions or
2    employment decisions made concerning Plaintiff.

3                      **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
4                                **(No Intentional Conduct)**

5          24.    Plaintiff's claims are barred, in whole or in part, because the alleged retaliatory
6    conduct was not intentional.

7                       **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
8                                    **(Justification)**

9          25.    Defendant's alleged conduct, as set forth in Plaintiff's Complaint and each of its
10   purported causes of action, was fully justified.

11                      **TWENTY-SIXTH AFFIRMATIVE DEFENSE**
12                              **(Speculative Damages)**

13         26.    As to each and every cause of action set forth in Plaintiff's Complaint, Defendant
14   is informed and believes, and based thereon alleges, that the damages prayed for are speculative
15   and unforeseeable, and, therefore, Plaintiff is barred from recovery.

16                     **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
17                                **(Unjust Enrichment)**

18         27.    As to each and every cause of action set forth in Plaintiff's Complaint, Defendant
19   is informed and believes, and based thereon alleges, that granting Plaintiff's prayer for relief
20   would unjustly enrich Plaintiff as Plaintiff would be receiving more than to which she is entitled.

21                     **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
22                           **(Attorneys' Fees And Costs)**

23         28.    Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,
24   unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable
25   attorneys' fees and costs upon judgment thereon in its favor.

26         29.    Defendant hereby gives notice that it intends to rely upon any other defenses that
27   may become available or appear during the discovery proceedings in this case, and hereby

28

Firm:53582151v1                    DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO
                                                                          COMPLAINT

1    reserves the right to amend its answer to assert any such defenses.

2         **WHEREFORE,** Defendant respectfully requests that:

3         1.    Plaintiff take nothing by her Complaint;

4         2.    Judgment be entered in favor of Defendant and against Plaintiff on all causes of

5    action;

6         3.    Defendant be awarded costs of suit and attorneys' fees herein; and

7         4.    For such other and further relief as the Court deems just and proper.

8    DATED:    August 16, 2021

                                                EPSTEIN BECKER & GREEN, P.C.

9

10                                         By:  _____
                                                Michael S. Kun

11                                              Attorneys for Defendant
                                                McCORMICK & COMPANY, INC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -
DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO
                                                                       COMPLAINT

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.   My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

5

3.   I served copies of the following documents *(specify the exact title of each document served)*:

6

7

**DEFENDANT MCCORMICK & CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

9

10

11

12

Heidi L. De Groot, Esq.                              *Attorneys for Plaintiff*
SESSIONS & KIMBALL LLP                    BONNIE VICARI
23456 Madero, Suite 170
Mission Viejo, CA 92691
T: (949) 380-0900
E: hld@job-law.com

13

14

a.      a. ☐ **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.

15

16

17

18

    b. ☐ **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

21

22

23

    c. ☐ **By overnight delivery.**  I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

24

25

26

    d. ☐ **By messenger service.**  I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.  (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

27

28

    e. ☒ **By e-mail or electronic transmission.**  Pursuant to Code of Civil Procedure section 1010.6, subdivisions (a)(2)(A)(ii) and (e), I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not

DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO COMPLAINT

receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.   I served the documents by the means described in item 5 on (*date*): **August 16, 2021**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 8/16/21                                  Brooke Scott                                  
DATE                                 (TYPE OR PRINT NAME)                    (SIGNATURE OF DECLARANT)

Firm:53582151v1                    DEFENDANT McCORMICK & COMPANY, INC.'S ANSWER TO COMPLAINT